This is a suit to set aside a conveyance dated July 3d 1936, made by complainant to her nephew and his wife and *Page 556 
the agreement between the parties which was a consideration for the conveyance. The circumstances under which the conveyance and agreement were executed were as follows:
Complainant was a widow, eighty-seven years of age, and up to and on the 30th day of June, 1936, had been living with her daughter-in-law, Mrs. Annie Overbeck, and a grandson. The daughter-in-law had been caring for complainant and was in the habit of assisting her to get out of bed each morning. On the morning of June 30th, the daughter-in-law attempted to commit suicide by inhaling gas. Complainant saw her lying on the floor near the gas stove but was unable to go to her assistance, but her cries succeeded in arousing the neighbors who carried the two from the house. Complainant was then taken to the home of a friend, Mrs. Vanderpool, who stated that she would be unable to keep complainant with her, except temporarily. Complainant sent for her nephew, who immediately called to see her and they discussed the question of where complainant should live. As the outcome of the discussion, the agreement in question was entered into by the terms whereof, complainant agreed to convey the premises in question, which was a two-family house, to the defendants, reserving to herself a life interest, on condition that defendant should provide her with a home and board for her life. Defendants were to occupy with complainant one floor in the house and were to pay all taxes, repairs and other expenses for the house, but were to pay to complainant the entire rent received from the other floor of the house.
Mrs. Vanderpool suggested to complainant that she secure the services of Jacob Stam, to represent her in the transaction as her lawyer. Mr. Stam was sent for and discussed the situation with her while defendants were not present. Mr. Stam had never represented the defendants and was employed by complainant independently of defendants and was without any suggestion from them. He later submitted a bill for his services to complainant and it was paid by her.
Before the transaction was consummated, complainant had moved to defendant's home and Mr. Stam again discussed with complainant her intention and suggested to her the *Page 557 
insertion in the documents of the provision for the retaining of a life interest and the contract for her support. He testified that complainant was mentally alert and fully understood the entire transaction. On July 3d, the documents were executed, after having been read. Complainant went to live with defendants in the house in question and the contract and agreement between the parties had been carried out.
On the facts shown at the final hearing, I cannot find any ground for voiding the transaction. Complainant contends that since she was old and the transaction was completed within four days of the attempted suicide of the daughter-in-law and while complainant was in a distressed condition, and since she naturally would have reposed confidence in her nephew, and that because of complainant's age the agreement to maintain her for life would be inadequate consideration for the conveyance, the whole transaction should be declared void. These circumstances alone are not sufficient to entitle complainant to the relief prayed for. There is no evidence that her faculties were impaired or that she did not know what she was doing. She acted with the independent advice of counsel. There is nothing suspicious from the mere fact that the transaction was consummated so quickly. Because of the mental derangement of the daughter-in-law, it was necessary that immediately complainant should find another home in which she could receive care necessary because of her crippled condition. Her friend, Mrs. Vanderpool, was not in a position to give her this care, so that there was a necessity for immediate provision for a new home. The transaction in question did not strip complainant of all her property since she had other assets and income therefrom. The transaction itself gave her not only a home with maintenance, but also the income from one-half of the house. While it could not be expected that a woman of her age would live for many years, this fact alone would not make the transaction an unfair one under the circumstances.
The principles involved in this suit are those set forth inWolf v. Palisades Trust and Guaranty Co., 121 N.J. Eq. 385.
A decree will be advised dismissing the bill. *Page 558